NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

APR 19 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

STAR INSURANCE COMPANY, a
Michigan Corporation,

          Plaintiff-Appellee,

 v.

WALTER JOHNSON FAMILY TRUST, a
Trust Organized under the Laws of Arizona,

          Defendant,

 and

KIMBERLY THOMPSON; EDWARD
THOMPSON,

          Defendants-Appellants.

No. 14-55668

D.C. No. 2:12-cv-02764-JAK-JEM

MEMORANDUM*

Appeal from the United States District Court
for the Central District of California
John A. Kronstadt, District Judge, Presiding

Submitted April 11, 2017**

Before:    GOULD, CLIFTON, and HURWITZ, Circuit Judges.

     *     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

     **     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

Kimberly and Edward Thompson appeal pro se from the district court's summary judgment in a declaratory judgment and interpleader action brought by Star Insurance Company ("Star Insurance") arising from a dispute about insurance coverage following an airplane crash. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Trishan Air, Inc. v. Fed. Ins. Co.*, 635 F.3d 422, 426 (9th Cir. 2011). We affirm.

The district court properly granted partial summary judgment in favor of Star Insurance on its first cause of action for declaratory relief because defendants failed to raise a genuine dispute of material fact as to whether the requirements of the insurance policy were satisfied and whether there was coverage. *See id.* at 433 (setting forth standard for determining whether policy language is ambiguous).

The district court did not abuse its discretion in denying the Thompsons' request for additional discovery, made at the hearing on the motion for summary judgment, because the Thompsons failed to show that the discovery they requested would have precluded summary judgment. *See Getz v. Boeing Co.*, 654 F.3d 852, 867-68 (9th Cir. 2011) (setting forth standard of review and explaining that a requesting party must show that the discovery sought would have precluded summary judgment).

14-55668

The district court did not abuse its discretion in denying the Thompsons' request for sanctions because the Thompsons failed to establish grounds for sanctions. *See F.J. Hanshaw Enters., Inc. v. Emerald River Dev., Inc.*, 244 F.3d 1128, 1135 (9th Cir. 2001) (standard of review); *Fink v. Gomez*, 239 F.3d 989, 994 (9th Cir. 2001) (explaining that "sanctions are available if the court specifically finds bad faith or conduct tantamount to bad faith").

We reject as meritless the Thompsons' contentions that the district court erred by not ruling on their objection to the joint request to modify the scheduling order, not providing the relief requested in the motion for clarification, and entering a final judgment. We also reject as meritless the Thompsons' contentions regarding confusion with respect to their status as parties, and violation of their due process rights.

**AFFIRMED.**

14-55668